1 | McGREGOR W. SCOTT
United States Attorney
2 | JUSTIN J. GILIO
Assistant United States Attorney
3 | 2500 Tulare Street, Suite 4401
Fresno, CA 93721
4 | Telephone: (559) 497-4000
Facsimile: (559) 497-4099
5 |
6 | Attorneys for Plaintiff
United States of America
7 |

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:19-CR-00145-DAD-BAM |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; AND ORDER |
| v. | |
| DONAVAN ADKINS ET AL., | DATE: January 27, 2021 |
| Defendants. | TIME: 12:30 p.m. |
| | COURT: Hon. Barbara A. McAuliffe |

This case is set for a status conference on January 27, 2021. This Court has issued a series of General Orders to address public health concerns related to COVID-19 and to suspend jury trials in the Eastern District of California, including most recently General Order 628.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

### STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendants' counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on January 27, 2021.

2.      By this stipulation, defendants now move to continue the status conference until March

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1   24, 2021, and to exclude time between January 27, 2021, and March 24, 2021, under Local Code T4.

2       3.    The parties agree and stipulate, and request that the Court find the following:

3       a)    The government has represented that the discovery associated with this case

4   includes investigative reports, numerous photographs and videos, hundreds of hours of recorded

5   telephone conversations pursuant to wiretap order, cellular phone extractions, and large amounts

6   of cellular telephone precise location data. All this discovery has been either produced directly to

7   counsel and/or made available for inspection and copying.

8       b)    Counsel for defendants desire additional time consult with their clients, conduct

9   further investigation, review the voluminous discovery, prepare for a possible trial, and to

10   continue to explore a potential resolution of the case.

11       c)    Counsel for defendants believe that failure to grant the above-requested

12   continuance would deny him/her the reasonable time necessary for effective preparation, taking

13   into account the exercise of due diligence.

14       d)    Counsel for defendants also note that because of the COVID-19 pandemic, the

15   Fresno County Jail currently has restrictions on movement of inmates and video appearances are

16   limited by the restrictions of the wide-angle camera at the jail, which limits the number of

17   individuals who can appear on camera at a time.

18       e)    The government does not object to the continuance.

19       f)    Based on the above-stated findings, the ends of justice served by continuing the

20   case as requested outweigh the interest of the public and the defendant in a trial within the

21   original date prescribed by the Speedy Trial Act.

22       g)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

23   et seq., within which trial must commence, the time period of January 27, 2021 to March 24,

24   2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(ii), (iv) [Local

25   Code T4] because it results from a continuance granted by the Court at defendant's request on

26   the basis of the Court's finding that the ends of justice served by taking such action outweigh the

27   best interest of the public and the defendant in a speedy trial.

28       4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

1  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

2  must commence.

3          IT IS SO STIPULATED.

4

5

6  Dated:  January 19, 2021                          McGREGOR W. SCOTT
                                                    United States Attorney

7

8                                                   /s/ JUSTIN J. GILIO
                                                    JUSTIN J. GILIO
9                                                   Assistant United States Attorney

10

11 Dated:  January 19, 2021                          /s/ Kevin Little
                                                    Kevin Little
12                                                  Counsel for Defendant
                                                    Donavan Adkins
13

14 Dated:  January 19, 2021                          /s/ Steven Leon Crawford
                                                    Steven Leon Crawford
15                                                  Counsel for Defendant
                                                    Doug Gines
16

17 Dated:  January 19, 2021                          /s/ Carrie C. McCreary
                                                    Carrie C. McCreary
18                                                  Counsel for Defendant
                                                    Florentino Gutierrez
19

20 Dated:  January 19, 2021                          /s/ Michael J Aed
                                                    Michael J Aed
21                                                  Counsel for Defendant
                                                    Louie Molina
22

23 Dated:  January 19, 2021                          /s/ Robert Conrad Lamanuzzi
                                                    Robert Conrad Lamanuzzi
24                                                  Counsel for Defendant
                                                    Ernesto Zibray
25

26

27 Dated:  January 19, 2021                          /s/ Roger Shahriar Bonakdar
                                                    Roger Shahriar Bonakdar
28                                                  Counsel for Defendant
                                                    Tiffany Feller

Dated:  January 19, 2021                          /s/ Roger Wilson
                                                  Roger Wilson
                                                  Counsel for Defendant
                                                  Maria Nunez

## ORDER

IT IS SO ORDERED that the status conference is continued from January 27, 2021, to **March 24, 2021, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(ii), (iv).


IT IS SO ORDERED.

Dated:   **January 20, 2021**            /s/ Barbara A. McAuliffe
                                          UNITED STATES MAGISTRATE JUDGE