PHILLIP A. TALBERT
United States Attorney
JUSTIN J. GILIO
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:19-CR-00145-ADA-BAM |
| Plaintiff, | STIPULATION VACATING STATUS CONFERENCE AND SETTING CASE FOR TRIAL; ORDER |
| v. | |
| DONAVAN ADKINS ET AL., | COURT: Hon. Ana de Alba |
| Defendants. | |

1. This case is set for a status conference on October 26, 2022. This Court has issued a series of General Orders to address public health concerns related to COVID-19 and to suspend jury trials in the Eastern District of California, including General Order 628 and several previous and subsequent related general orders.

2. Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). Id. at 507. Moreover, any such failure cannot be harmless. *Id*. at 509; see also *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

STIPULATION REGARDING VACATING HEARING                1

3. Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id*.

4. The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id*. at 767-68; see also *United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing Furlow to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

5. In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of justice exception, § 3161(h)(7) (Local Code T4).1 If continued, this Court should designate a new date for the status conference. *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

6. On October 11, 2022, this Court issued a minute order directing the parties to set a trial date (Doc. 184).

7. By this stipulation, defendants now move to vacate the status conference on October 26, 2022, set a trial confirmation hearing on October 23, 2023, at 8:30 a.m., set a trial until

STIPULATION REGARDING VACATING HEARING           2

November 7, 2023, at 8:30 a.m., and to exclude time between October 26, 2022, and November 7, 2023, inclusive, under 18 U.S.C.§ 3161(h)(7)(A), B(i), (ii), and Local Code T4.

8. The parties agree and stipulate, and request that the Court find the following:

   a. The government has represented that the discovery associated with this case includes investigative reports, numerous photographs and videos, hundreds of hours of recorded telephone conversations pursuant to wiretap order, cellular phone extractions, and large amounts of cellular telephone precise location data. All this discovery has been either produced directly to counsel and/or made available for inspection and copying.

   b. Counsel for defendants desire additional time to consult with their clients, conduct further investigation, review the voluminous discovery, prepare for a trial, and to continue to explore a potential resolution of the case. Several of the undersigned defense counsel have conflicting trials that will necessitate the setting of this trial at the time provided considering the complex nature of this case, for continuity of counsel, and to be adequately prepared for the trial.

   c. Counsel for defendants believe that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d. Counsel for defendants also note that because of the COVID-19 pandemic, the Fresno County Jail currently has restrictions on movement of inmates and video appearances are limited by the restrictions of the wide-angle camera at the jail, which limits the number of individuals who can appear on camera at a time, making appearing for court and meeting with counsel especially difficult.

   e. The government does not object to the continuance.

   f. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   g. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et

STIPULATION REGARDING VACATING HEARING                3

seq., within which trial must commence, the time period of October 26, 2022 to November 7, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(i), (ii) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial and the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

9. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence

IT IS SO STIPULATED.

Dated:  October 13, 2022                         PHILLIP A. TALBERT
                                                 United States Attorney

                                                 /s/ JUSTIN J. GILIO
                                                 JUSTIN J. GILIO
                                                 Assistant United States Attorney


Dated:  October 13, 2022                         /s/ Kevin Little
                                                 Kevin Little
                                                 Counsel for Defendant
                                                 Donovan Adkins


Dated:  October 13, 2022                         /s/ John Umscheid
                                                 John Umscheid
                                                 Counsel for Defendant
                                                 Ryan Gines

STIPULATION REGARDING VACATING HEARING            4

Dated: October 13, 2022                 /s/ Carrie McCreary
                                        Carrie McCreary
                                        Counsel for Defendant
                                        Florentino Gutierrez

Dated: October 13, 2022                 /s/ Robert Lamanuzzi
                                        Robert Lamanuzzi
                                        Counsel for Defendant
                                        Ernesto Zibray

Dated: October 13, 2022                 /s/ Michael Aed
                                        Michael Aed
                                        Counsel for Defendant
                                        Louie Molina

Dated: October 13, 2022                 /s/ Roger Wilson
                                        Roger Wilson
                                        Counsel for Defendant
                                        Maria Nunez

**ORDER**

IT IS SO ORDERED.

   Dated:   October 19, 2022             _____
                                         UNITED STATES DISTRICT JUDGE